# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

_____
                                      )
**UNITED STATES OF AMERICA,**         )
                                      )
    **Plaintiff**                    )
                                      )
    v.                              ) Civ. Action No.
                                      )
**PENN VENTURE PARTNERS, L.P.**       )
                                      )
    **Defendant**                    )
_____)

## COMPLAINT FOR RECEIVERSHIP, INJUNCTIVE RELIEF AND MONEY JUDGMENT

COMES NOW Plaintiff, the United States of America, on behalf of its agency, the United States Small Business Administration, and for its cause of action states as follows:

### PARTIES, JURISDICTION AND VENUE

1. This is a civil action brought by the United States of America on behalf of its agency, the United States Small Business Administration (hereinafter, "SBA," "Agency" or "Plaintiff"), whose central office is located at 409 Third Street, S.W., Washington, D.C., 20416.

2. Defendant, Penn Venture Partners, L.P, (hereinafter, "PVP" or "Defendant") is a Delaware limited partnership that was designated with final approval by SBA as a New Markets Venture Capital Company (hereinafter

"NMVCC") under the Small Business Investment Act of 1958, as amended (hereinafter, the "Act") on or about August 2, 2002. PVP was assigned NMVCC number 03/83-0003.

3. Jurisdiction is conferred on this Court by virtue of the Act, 15 U.S.C. §§ 689l and 689m, and 28 U.S.C. § 1345.

4. PVP maintains its principal office and/or principal place of business at 132 State Street, Harrisburg, PA 17101. Venue is therefore proper under the Act, 15 U.S.C. §§ 689l and 689m, and under 28 U.S.C. § 1391(b).

**STATUTORY AND REGULATORY FRAMEWORK**

5. The purposes of the Act and the New Markets Venture Capital Program are to improve and stimulate the national economy, and small business in particular, by stimulating and supplementing the flow of private equity capital and long-term loan funds which small businesses need for sound financing of their operations and growth and to further economic development and the creation of wealth and job opportunities in low-income geographic areas and among individuals living in such areas by encouraging developmental venture capital investments in smaller enterprises primarily located in such areas. 15 U.S.C. §§ 661 and 689a.

6. Congress authorized the SBA to carry out the provisions of the Act and to

prescribe regulations governing the operations of NMVCCs. SBA duly promulgated such regulations which are set forth at Title 13 of the Code of Federal Regulations, Part 108 (hereinafter, the "Regulations").

7. PVP is a limited partnership organized solely for the purpose of performing the functions and conducting the activities contemplated under the Act and Regulations. 13 C.F.R § 108.100. SBA enters into a "Participation Agreement" (as identified in 13 C.F.R. §§ 108.50 and §380) with each NMVCC and provides financing to them to accomplish the purposes of the Act.

8. SBA is authorized to provide financial assistance in the form of Leverage (defined in 13 C.F.R. § 108.50) to NMVCCs. SBA does this through the guarantee of debentures (hereinafter, "Debentures") issued by NMVCCs. 15 U.S.C.§ 689d.

9. Leverage provided to an NMVCC in the form of Debentures is subject to the Regulations, including but not limited to the provisions of 13 C.F.R. §§108.1810-1840. Section 108.1830(b) of the Regulations states that a Licensee has a condition of Capital Impairment if its Capital Impairment Percentage (identified in § 108.1840) exceeds 70% percent.

10. If an NMVCC violates, or fails to comply with, any of the provisions of the Act or Regulations, all of its rights, privileges, and franchises may be forfeited and the company may be declared dissolved. 15 U.S.C. §689m.

11. Section 363 of the Act, 15 U.S.C. § 689l, provides that if SBA determines that an NMVCC has engaged, or is about to engage, in any acts or practices which constitute, or will constitute, a violation of the Act or Regulations, the SBA may seek, from the appropriate United States District Court, an order enjoining such act or practices, and upon a showing by the SBA that such NMVCC has engaged, or is about to engage, in any such act or practices, a permanent or temporary injunction, restraining order, or other order, shall be granted without bond. In addition, the Court is authorized to appoint SBA to act as receiver for such NMVCC. 15 U.S.C. § 689l.

**STATEMENT OF FACTS**

12. PVP was approved and designated by SBA as an NMVCC and entered into a Participation Agreement with SBA effective April 23, 2003. A true and correct copy of that agreement is attached as **Exhibit A**. PVP was assigned NMVCC number 03/83-0003, solely to do business under the provisions of the Act and regulations promulgated thereunder. 13 C.F.R. § 108.100.

13. PVP's Agreement of Limited Partnership, submitted to SBA by PVP as part of the license application process, expressly provides that upon being designated as a NMVCC, PVP would conduct only the activities of an NMVCC under the Act.

14. As an NMVCC, PVP may not engage in any activities other than activities contemplated by the Act. 13 C.F.R. § 108.500.

15. Penn Venture Associates, LLC is the general partner of PVP. It was organized solely for the purpose of being the general partner of a NMVCC. 13 C.F.R. § 108.160(a)(1).

16. In accordance with Section 355 of the Act, 15 U.S.C. §689d, SBA provided Leverage to PVP through the guarantee of Debentures with a face value totaling $15,000,000, plus interest.

17. SBA in turn issued guaranteed trust certificates on the payment of principal and interest as provided in 15 U.S.C. § 698e under the full faith and credit of the United States.

18. Nonperformance of any of the requirements of any Debenture or of any written agreement with SBA constitutes a violation of the regulations. 13 C.F.R. § 107.507(a).

19. Failing to make timely payments to SBA is also a violation of the Regulations that constitutes an event of default with opportunity to cure. 13 C.F.R. § 108.1810(f)(3).

20. Among other things, compliance with the terms of the Leverage provided by SBA required that PVP not have a condition of Capital Impairment, as that term is defined under the Regulations, 13 C.F.R. § 108.1830, which provides

that an NMVCC such as PVP has a condition of Capital Impairment if its Capital Impairment percentage exceeds seventy percent (70%). A condition of Capital Impairment is an event of default with an opportunity cure. 13 C.F. R. § 108.1810(f)(5).

21.     Repeated events of default result in an event of default with notice. 13 C.F.R. § 108.1810(d)(5).

22.     SBA determined that PVP had committed a repeated event of default by defaulting for a second time in failing to make timely payment to SBA of principal and interest on one or more Debentures. SBA also determined that PVP was more than 70% capitally impaired.

23.     By letter dated March 8, 2016 (the "Notice of Violation"), SBA informed PVP that it had committed a repeated event of default and that it had a condition of Capital Impairment because its Capital Impairment Percentage was 90.6%, which was over the legal limit of 70% in § 108.1830(b). SBA provided PVP an opportunity to cure its capital impairment under § 108.1810(g) of the Regulations. SBA also gave PVP 15 days to pay SBA the defaulted amount of $1,341,741.32 and informed PVP of further consequences if it failed to make the payment, including SBA's authority under the Regulations to accelerate the Debentures under § 108.1810(e)(1) and seek a receivership under § 108.1810(e)(3). A true and correct copy of that letter is attached as **Exhibit B**.

24. Although not required under the Regulations to offer PVP an opportunity to cure its repeated default (because it was a repeated offense), SBA gave it that opportunity in the Notice of Violation.

25. PVP failed to cure its condition of Capital Impairment and also failed to make the required payment to SBA as provided in the Notice of Violation.

26. PVP's repeated event of default entitled SBA to the remedies under § 108.1810(d) of the Regulations.

27. PVP's condition of Capital Impairment constitutes non-compliance with the terms of its Leverage under 13 C.F.R. §108.1830(a) and is a violation of and an event of default under the Regulations, 13 C.F.R. §108.1810(f)(5). These continuing violations of the Regulations and Act entitle SBA to the remedies in § 108.1810(g).

28. PVP failed to cure its capital impairment and failed to make the payment as required by the Notice of Violation. SBA accelerated the unpaid amount of the Debentures. In accordance with its trust certificate obligations under 15 U.S.C.§ 698e , SBA paid a total of $13,890,076.31 in principal and interest on its guarantee for those Debentures in two separate purchases on February 29, 2016 and April 11, 2016. By letter dated June 10, 2016, SBA informed PVP of the actions taken so far, including acceleration of the Debentures, and provided PVP

15 days to pay in full all amounts owed to SBA. A true and correct copy of that letter is attached as **Exhibit C**.

29. PVP subsequently made partial payments, but failed to pay SBA in full.

30. In a letter agreement dated June 15, 2018, SBA agreed to forbear from seeking a receivership of PVP under certain conditions until December 31, 2018. A true and correct copy of that letter agreement is attached as **Exhibit D**.

31. Among other things, PVP agreed to execute a Stipulation for Entry of Consent Order Appointing Receiver and a Consent Order of Receivership. PVP did so on or about July 2, 2018.

32. Therefore, PVP consented in advance to SBA being appointed receiver at any time after the term of forbearance has expired if by that time PVP has not paid SBA in full of all amounts owed under the Debentures.

33. PVP has also waived any objection to the relief sought of SBA being appointed its Receiver.

34. The forbearance period deadline elapsed on December 31, 2018.

35. PVP executed an updated Stipulation for Entry of Consent Order Appointing Receiver and an updated Consent Order of Receivership on May 9, 2019. True and correct copies are attached as **Exhibits E** and **F**, respectively.

36. Of the $11,004,658.65 owed to SBA in principal on or about June 15, 2018, PVP has made no further payments to SBA.

37. As of the date of this Complaint, PVP has not repaid SBA in full. The amounts for each Debenture that PVP owes to SBA as of April 30, 2019 is broken down in this table:

| Loan | Disbursed | Maturity | IntRate | Prin Balance | Accrued Int | Per Diem |
|---|---|---|---|---|---|---|
| 0300045604 | 1/31/2007 | 3/1/2017 | 5.826% | $ 64,658.65 | $ 7,157.32 | $ 10.46 |
| 0300045702 | 1/31/2007 | 3/1/2017 | 5.826% | $ 200,000.00 | $ 22,138.80 | $ 32.37 |
| 0300045800 | 12/21/2007 | 3/1/2018 | 5.205% | $ 1,330,000.00 | $ 131,530.35 | $ 192.30 |
| 0300045909 | 12/21/2007 | 3/1/2018 | 5.205% | $ 135,000.00 | $ 13,350.83 | $ 19.52 |
| 0300046001 | 1/31/2008 | 3/1/2018 | 4.723% | $ 2,535,000.00 | $ 227,483.30 | $ 332.58 |
| 0300046110 | 3/19/2008 | 9/1/2018 | 4.797% | $ 1,270,000.00 | $ 115,751.61 | $ 169.23 |
| 0300046208 | 3/19/2008 | 9/1/2018 | 4.797% | $ 1,270,000.00 | $ 115,751.61 | $ 169.23 |
| 0300046306 | 3/19/2008 | 9/1/2018 | 4.797% | $ 255,000.00 | $ 23,241.47 | $ 33.98 |
| 0300046404 | 4/24/2008 | 9/1/2018 | 5.050% | $ 1,250,000.00 | $ 119,937.50 | $ 175.35 |
| 0300046502 | 4/24/2008 | 9/1/2018 | 5.050% | $ 115,000.00 | $ 11,034.25 | $ 16.13 |
| 0300046600 | 4/24/2008 | 9/1/2018 | 5.050% | $ 1,250,000.00 | $ 119,937.50 | $ 175.35 |
| 0300046709 | 4/24/2008 | 9/1/2018 | 5.050% | $ 1,330,000.00 | $ 127,613.50 | $ 186.57 |
| Totals | | | | $ 11,004,658.65 | $ 1,034,928.03 | $ 1,513.05 |

38. PVP remains in violation of the Regulations for failure to pay SBA in full of all amounts owed, and SBA's forbearance period has ended.

39. PVP also continues to have a Capital Impairment Percentage over 70% under § 108.1840 of the Regulations, directly resulting in a condition of Capital Impairment in violation of § 108.1830(b) of the Regulations.

40. PVP does not dispute that it is in violation of the Regulations.

41. Section 364(b) of the Act, 15 U.S.C. §689m, provides that upon determination and adjudication of noncompliance or violation of the Act or the

9

Regulations, all of the rights, privileges and franchises of an NMVCC may be forfeited and the NMVCC may be declared dissolved.

42. Section 363 of the Act, 15 U.S.C. § 689l, provides that, whenever in the judgment of SBA, an NMVCC, or any other person, has engaged in or is about to engage in any acts or practices which constitute or will constitute a violation of the Act or of any rule or regulation under this Act, or of any order issued under the Act, then SBA may make application to the proper district court of the United States or a court of any place subject to the jurisdiction of the United States for an order enjoining such acts or practices, or for an order enforcing compliance with such provision, rule, regulation, or order, and such courts shall have jurisdiction of such actions, and upon a showing that such NMVCC or other person has engaged or is about to engage in such acts or practices, a permanent or temporary injunction, restraining order, or other order, shall be granted without bond. The Court may also appoint SBA to act as receiver for such NMVCC.

## COUNT ONE

**Violation of SBA Regulations for Repeated Event of Default for Non-Payment**
**13 C.F.R. §§ 108.507(a) and 1810(d)(5)**

43. Paragraphs 1 through 42 are incorporated herein by reference.

44. PVP committed a Repeated Event of Default by failing to make timely payment of principal and interest to SBA for a second time. SBA provided written notice to PVP of this Repeated Event of Default under § 108.1810(d)(5).

10

45. SBA is entitled to any and all remedies under § 1810(e) under the Regulations, including the seeking of appointment of SBA as PVP's receiver.

## COUNT TWO

### Violation of SBA Regulations for Capital Impairment
### 13 C.F.R. §§ 108.1830(b) and 108.1818(f)(5)

46. Paragraphs 1 through 45 are incorporated herein by reference.

47. PVP has an uncured condition of Capital Impairment as that term is defined under the Regulations, 13 C.F.R. § 108.1830(b), which provides that an NMVCC such as Defendant has a condition of Capital Impairment if its Capital Impairment percentage exceeds seventy percent (70%).

48. SBA has determined, and PVP does not dispute, that its Capital Impairment is in excess of 70%.

49. SBA has determined that PVP is not in compliance with its terms of Leverage due to its uncured condition of Capital Impairment.

50. PVP has failed to cure its Capital Impairment and SBA has determined that PVP is in violation and default of the Regulations, 13 C.F.R. §108.1810(f)(5).

51. As a consequence of PVP's continuing violation of the Regulations, SBA is entitled to the injunctive relief provided under the Act, including the appointment of SBA as Receiver of PVP, and PVP has signed a consent judgment and order agreeing to the relief requested by SBA.

## COUNT THREE

## Money Judgment

52. Paragraphs 1 through 51 are incorporated herein by reference.

53. PVP duly authorized and executed the Debentures in favor of SBA.

54. PVP is in default in payment of the Debentures beyond any applicable cure period.

55. PVP owes a debt to SBA of $11,004,658.65 in principal and $1,034,928.03 in accrued interest as of April 30, 2019, with additional interest accruing at $1,513.05/day after April 30, 2019.

56. SBA is entitled to a money judgment for the amounts owed to it by PVP.

57. SBA is entitled to post-judgment interest under 28 U.S.C. § 1961.

**WHEREFORE, Plaintiff prays as follows:**

A. That injunctive relief, both preliminary and permanent in nature, be granted restraining PVP, its partners, managers, officers, agents, employees and other persons acting in concert or participation therewith from: (1) making any disbursements of PVP's funds; (2) using, investing, conveying, disposing, executing or encumbering in any fashion any or all funds or assets of PVP, wherever located; or (3) further violating the Act or the Regulations promulgated thereunder;

    B.    That this Court determines and adjudicates PVP's noncompliance with the requirements of the NMVCC participation agreement and Debentures and violation of the Act and the Regulations promulgated thereunder;

    C.    That in accordance with 15 U.S.C. § 689l this Court take exclusive jurisdiction of PVP, and all of its assets, wherever located and appoint SBA as permanent receiver of PVP for the purpose of liquidating all of PVP's assets and satisfying the claims of its legitimate creditors there from in the order of priority as determined by this Court, and pursuing causes of action available to PVP, as appropriate.

    D.    That this Court orders that PVP shall no longer be able to operate pursuant to the participation agreement with SBA as an NMVCC upon the wind-up and conclusion of the receivership thereof.

    E.    That this Court grants such other and further relief as may be deemed just and proper.

    F.    That this Court enter a judgment in favor of SBA against PVP in the amount of $12,039,586.68 as of April 30, 2019, consisting of principal in the amount of $11,004,658.65 plus accrued interest of $1,034,928.03 through April 30, 2019, with a per diem interest rate of $1,513.05 per day from April 30, 2019 through the date of entry of this Order (as reduced by previous principal and

interest payments received by SBA), plus post judgment interest in favor of SBA pursuant to 28 U.S.C. § 1961.

                              Respectfully submitted,

                              DAVID J. FREED
                              United States Attorney

Dated: July 23, 2019       /s/ Samuel S. Dalke
                              Samuel S. Dalke
                              Assistant U.S. Attorney
                              PA Bar No. 311803
                              228 Walnut Street, 2nd Floor
                              P.O. Box 11754
                              Harrisburg, PA 17108-1754
                              Tel: (717) 221-4482
                              samuel.s.dalke@usdoj.gov

                              U.S. SMALL BUSINESS ADMINISTRATION

Dated: July 23, 2019      By: /s/ Thomas W. Rigby
                              Thomas W. Rigby
                              Assistant General Counsel for SBIC Liquidation
                              U.S. Small Business Administration
                              Office of General Counsel
                              409 Third Street, Seventh Floor
                              Washington, D.C. 20416
                              Telephone: (202) 619-1610
                              Facsimile: (202) 481-5866
                              Email: thomas.rigby@sba.gov

                              Arlene M. Embrey, Trial Attorney
                              U.S. Small Business Administration
                              Office of General Counsel
                              409 Third Street, Seventh Floor
                              Washington, D.C. 20416
                              Telephone: (202) 205-6976
                              Facsimile: (202) 481-0324
                              Email: arlene.embrey@sba.gov